UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID A. CARVER, JR., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:12-cv-00010-DBH |
| | ) | |
| CITY OF ROCKLAND, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION**

On January 9, 2012, Plaintiff filed a complaint against the City of Rockland, Penobscot Bay Medical Center, Ken Smith and William Smith. At that time, plaintiff also filed a motion for leave to proceed *in forma pauperis*. On January 11, 2012, I entered an order reserving ruling on the *in forma pauperis* motion as it did not contain a ledger showing the activity in plaintiff's prisoner account. I also indicated that the complaint was neither signed nor dated. I set a deadline of February 1, 2012, for plaintiff to file a properly signed and dated complaint, pay the filing fee or file an amended application to proceed *in forma pauperis*. (Doc. No. 3.) A copy of this order was mailed to plaintiff at the address provided by him, i.e., Cumberland County Jail, 50 County Way, Portland, ME 04102.

On January 24, 2012, plaintiff filed a Motion to Appoint Counsel (Doc. No. 4) and a Motion for Summonses (Doc. No. 5). On January 25, 2012, I denied the motion to appoint counsel on the grounds that there is no constitutional right to an attorney in a civil case and no exceptional circumstances appear to be present that would make this case different from other prisoner litigation and terminated the motion for issuance of summonses as the clerk will issue summonses once the motion to proceed *in forma pauperis* is granted or the filing fee is paid.

(Doc. No. 6.) A copy of this Order was mailed to plaintiff at the address provided which remained the Cumberland County Jail..

On January 31, 2012, plaintiff filed a Motion to Amend the Complaint (Doc. No. 7). On January 31, 2012, I entered an order denying, without prejudice, the motion, stating:

> Carver has the right to file as a matter of course ONE SIGNED amended complaint that incorporates all potential defendants and requests for relief and claims. However, the complaint must be the entire complaint because an amended complaint replaces whatever was previously filed – Carver cannot add to a complaint by fling bits and pieces; I previously gave Carver until February 1, 2012 to comply with my Order re: IFP and submitting a signed complaint. I will now extend that deadline until February 29, 2012, to give him time to submit his COMPLETED and SIGNED amended complaint and otherwise comply with my prior Order.

(Doc. No. 8.) A copy of this Order was mailed to plaintiff at the same address.

On February 8, 2012, the copy of the Order at Doc. No. 8 was returned to the Court as undeliverable with the notation: "Attempted – Not Known, Unable to Forward."

On February 14, 2012, plaintiff filed an Amended Complaint (Doc. No. 10) and a second Motion for Leave to Proceed *in forma pauperis* (Doc. No. 11). On February 15, 2012, I entered an order terminating the first motion to proceed *in forma pauperis,* granting the second motion to proceed *in forma pauperis* and setting a deadline of March 7, 2012, for plaintiff to notify the court of his intention to proceed with this matter, thereby incurring the $350.00 filing fee. (Doc. No. 12.) A copy of this Order was mailed to plaintiff at the address provided.

On February 28, 2012, the copy of the Order at Doc. No. 12 was returned to the Court as undeliverable with the notation: "Attempted not known".

The deadline for plaintiff to indicate his intention to proceed with this matter has passed. Plaintiff has failed to contact the court in any way or provide a valid address. It has been impossible for the Court to effectively communicate with the plaintiff. Therefore, I recommend

this matter be dismissed for plaintiff's failure to prosecute this action. A copy of this Order will be mailed to the last known address provided by plaintiff. The clerk is directed to wait 28 days before presenting this recommendation to the District Court Judge in order to give Carver additional time to contact the Court and show cause why the matter should not be dismissed.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

March 8, 2012                    /s/ Margaret J. Kravchuk
                                 U.S. Magistrate Judge